SWORD LINE, Inc., Libelant,

v.

UNITED STATES of America, Respondent.

United States District Court
S. D. New York.

Jan. 11, 1955.

Theodore J. Breitwieser, New York City, for libelant.

J. Edward Lumbard, U. S. Atty., Southern Dist., of N. Y. (Benjamin H. Berman, New York City, of counsel), for respondent.

THOMAS F. MURPHY, District Judge.

By these exceptive allegations, respondent brings to the court's attention

facts not appearing on the face of the libel but allegedly constituting a bar to recovery by libelant. The libel seeks $1,800,000 alleging this amount as the excess of maximum charter hire fixed by statute, § 709, Merchant Marine Act of 1936, as amended, 46 U.S.C.A. § 1199, received from libelant by respondent. These exceptive allegations interpose as bar to recovery an executed plan of arrangement under Chapter XI of the Bankruptcy Act, 11 U.S.C.A. § 701 et seq., under which respondent's claim was settled and compromised.

It is not controverted that between June 17, 1946 and July 27, 1948, libelant was bare boat charterer of 44 government owned vessels pursuant to written contracts with the United States Maritime Commission. On July 27, 1948, respondent terminated the charter on the ground that libelant was indebted to the United States Maritime Commission in the sum of $2,400,000 for charter hire, although at the same time libelant claimed that the United States Maritime Commission was indebted to it in the sum of $3,400,000.

On July 30, 1948, three days after the termination of the charter, libelant filed in this court a petition of arrangement under Chapter XI of the Bankruptcy Act. In that proceeding and on January 11, 1950, the Maritime Commission filed a proof of claim setting forth indebtedness for charter hire of the libelant to the commission as $3,992,038.62. On February 23, 1952, an amended plan of arrangement was filed in that proceeding by libelant, part of which was entitled "Settlement with the United States of America." In that part, it was provided that the United States would be paid the sum of $1,250,000 in full and complete compromise and settlement of all indebtedness of the libelant to the United States and of all claims existing on July 30, 1948. It further provided upon the acceptance of the plan by the United States and confirmation by the court, the payment by libelant of the sum of $1,-250,000 would constitute a full and complete satisfaction, binding on both libelant and respondent, of any and all claims

and indebtedness of whatsoever nature and description between them existing on July 30, 1948. On July 21, 1952, this amended plan of arrangement was accepted by the United States and the plan confirmed by the official referee in bankruptcy. Thereafter payment was made pursuant to the plan.

In opposition to these exceptive allegations, libelant does not question any of these facts but argues that the government illegally exacted from it the sum of $1,067,075.34, as evidenced by 11 checks all given prior to the petition of arrangement and that such sums were "preliminary payments" and subject to adjustment upon the completion of a final audit. It is argued that whether "there was a cumulative loss during the period of the charters could not be determined until all accounts were concluded and the plan was confirmed." Why this should be the case, does not appear.

It is then alleged that a recapitulation audit was made (I assume by libelant) and it appears according to such audit that the operations for the entire period resulted in net loss. Accordingly, it is argued that pursuant to Clause 13 of the Charter Agreement, payment in the sum of $1,067,075.34 was an over-payment and libelant is entitled to a refund in that amount.

Libelant's answering affidavit raises no issue of fact concerning the understanding of the parties embodied in the executed plan of arrangement. Nowhere is there any statement that there existed some unknown claim or that there was no intention to settle all possible controversies existing between the libelant and the United States Maritime Commission. Accordingly, in the absence of allegations raising such issues it would appear that the executed plan of arrangement is a complete bar to the libel, 11 U.S.C.A. § 767(1). Cf. Television Credit Corporation v. International Television Corporation, 279 App.Div. 561, 107 N.Y.S.2d 179; Simon v. Simon, 274 App.Div. 447, 84 N.Y.S.2d 307; 6 Williston, Contracts (1938 ed.) § 1825, p. 5169.

Accordingly, respondent's exceptive allegations are sustained.

Settle order.